UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAMON ALBERTO THEN,

                Petitioner,                11 Civ. 5758 (RPP)
                                                    09 Cr. 1186 (RPP)

     - against –

                                                     **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On August 8, 2011, Petitioner Ramon Alberto Then ("Petitioner"), <u>pro se</u>, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence for violations of 8 U.S.C. § 1326(a) and (b)(2), illegal reentry into the United States following conviction of an aggravated felony. On November 7, 2011, the Government responded in opposition to Petitioner's motion. For the reasons stated below, Petitioner's motion is denied.

**I.    Background**

       Petitioner, a citizen of the Dominican Republic, entered the United States as a conditional resident in January of 1994. (Pre-Sentence Investigation Report ("PSR") ¶¶ 6, 8.) In January 1996, Petitioner's conditional residence status expired. (<u>Id.</u> ¶ 8.) On March 12, 1996, Petitioner plead guilty to the Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law § 220.39. (<u>Id.</u>) Petitioner was sentenced to four and a one-half years to nine years imprisonment. (<u>Id.</u>) On March 7, 1998, Petitioner was deported from the United States. (<u>Id.</u> ¶ 9.) On July 2, 2006, Petitioner, using a false name and false Massachusetts State

1

ID card, was arrested for trespassing in Holyoke, Massachusetts. (Id. ¶ 10.) Petitioner later admitted his true identity and was transferred into the custody of the Bureau of Immigration and Customs Enforcement ("ICE") (Id.) Petitioner admitted to reentering the United States illegally sometime in September 2003. (Id.) On August 16, 2006, Petitioner was once again deported from the United States. (Id.) According to ICE records, Petitioner reentered the United States sometime between August 16, 2006, and his arrest by New York City Police in connection with narcotics charges on November 12, 2009. (Id. ¶ 11; Government's Memorandum in Opposition to Petition ("Gov't Mem.") at 2.) On December 15, 2009, Petitioner was indicted on one count of illegal reentry into the United States following a prior conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). (PSR ¶ 12.) On December 30, 2009, Petitioner was arraigned before this Court. (Id.) On February 18, 2010, Petitioner, without the benefit of a plea agreement with the Government, entered a plea of guilty to the count contained in the Indictment. (Transcript dated February 18, 2010 ("Tr. 2/18/10") at 2,11.) Prior to his entry of a guilty plea, the Government provided Petitioner with a letter pursuant to United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991). (Id. at 2.) The Pimentel letter outlined the Government's view that the applicable guideline range was between 41 and 51 months imprisonment. (Id. at 4-5.) On May 5, 2010, Petitioner was sentenced by the Court to 41 months imprisonment. (Transcript dated May 5, 2010 ("Tr. 5/5/10") at 23.) Petitioner did not appeal his conviction or sentence to the Second Circuit. (Petitioner's Motion to Vacate, Set Aside, or Correct Sentence ("Pet'r Mot.") at 2.)

**II.    Standard of Review**

Since Petitioner is proceeding pro se, submissions will "be liberally construed in [his] favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and read "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal citation omitted).  Section 2255 of Title 28 of the United State Code provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Prisoners seeking habeas relief must not only prove that constitutional violations occurred at trial, but also that such errors caused substantial prejudice or a fundamental miscarriage of justice." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995).

**III.    Discussion**

Petitioner's arguments are threefold: 1) that his attorney was ineffective because she failed to advise him of a "Fast-Track Program for Illegal Reentry," 2) that his attorney was ineffective because she engaged in "blatant manipulation to convince [Petitioner] to plead guilty" and, 3) that his attorney was ineffective because she promised Petitioner a sentence of only 30 months. (Pet'r Mot. at 5.)

**A.  Petitioner's Arguments Are Procedurally  Barred**

Petitioner's  arguments are procedurally barred as they could have been raised on direct appeal.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct

3

review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted); see also Campino v. U.S., 968 F.2d 187, 190 (2d Cir. 1992). Petitioner acknowledges that he did not file a direct appeal of the judgment entered in the underlying criminal case (see Pet'r Mot. at 2,), nor does Petitioner proffer any evidence that there was cause for failing to do so. Absent a claim that ineffective assistance of counsel or some other cognizable cause or prejudice themselves were the reason for failing to raise his claims on direct appeal, see Bousley, 523 U.S. at 622, the failure to raise on direct appeal the issues raised on collateral review precludes consideration of Petitioner's claims under 28 U.S.C § 2255. See United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011).

**B. Petitioners Arguments Are Without Merit**

In any event, Petitioner's arguments are without merit. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness and that Petitioner was prejudiced as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). First, Petitioner argues that his attorney failed to advise him of a "Fast-Track Program for Illegal Reentry." Fast-track jurisdictions allow defendants charged with illegal reentry to receive a reduced sentence in exchange for a waiver of certain rights, including the right to file pre-trial motions, appeal or collaterally attack the conviction. See United States v. Hendry, 522 F.3d 239, 240 n.1 (2d Cir. 2008). No such programs are offered in any of the districts in the Second Circuit. See United States v. Lopez, 424 Fed. App'x 51, 51 (2d Cir. 2011). Petitioner's attorney, however, was aware of fast-track programs in other jurisdictions and argued in Petitioner's

sentencing letter that the Court should consider this in making its sentencing determination. (See Petitioner's Sentencing Letter dated April 28, 2010 at 6.)  Petitioner's attorney mailed a copy of the sentencing letter to Petitioner at the Metropolitan Correction Center.  (Id. at 7.)

Second, Petitioner argues that his attorney was ineffective for promising him a sentence of 30 months.  This argument is also without merit.  Even if the Court were to credit this statement as being true, Petitioner received ample warning that the Court would be the sole determiner of his sentence and that the sentencing guidelines range was 41-51 months. Petitioner was advised of this fact in the Government's Pimentel letter as well as by the Court before Petitioner entered his plea.  Moreover, Petitioner explicitly denied during his plea allocution that he was made any promises or assurances by anyone in an effort to have him enter a plea of guilty. (Transcript dated Feb. 18, 2010, at 4.)  A defendant's testimony during a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001); see also Tanquillo v. United States, No. 10 Civ. 5161, 2011 WL721645, at *2 (S.D.N.Y. Feb. 18, 2011).

### III.     Conclusion

For the reasons discussed herein, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 333-35 (1962).

IT IS SO ORDERED

Dated: New York, New York
       December 6, 2011

                                                  Robert P. Patterson, Jr.
                                                         U.S.D.J.

Copies of this order were sent to:

Ramon A. Then
63029-054
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986
PRO SE

Sarah Eddy McCallum
U.S. Attorney's Office, SDNY (St Andrews)
One St. Andrew's Plaza
New York, NY 10007
(212)-637-1033